**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TRUSTEES OF THE LOCAL 309 ELECTRICAL HEALTH AND WELFARE FUND, TRUSTEES OF THE LOCAL 309 WIREMAN'S PENSION TRUST, TRUSTEES OF THE LOCAL 309 VACATION TRUST FUND, TRUSTEES OF THE SOUTHWESTERN ILLINOIS JOINT APPRENTICESHIP & TRAINING COMMITTEE, TRUSTEES OF THE LOCAL 309 IBEW INCOME SECURITY FUND, TRUSTEES FOR THE NATIONAL ELECTRICAL BENEFIT FUND, BOARD OF DIRECTORS OF THE LABOR MANAGEMENT COOPERATION COMMITTEE, TRUSTEES OF THE NATIONAL LABOR MANAGEMENT COOPERATION COMMITTEE, ADMINISTRATIVE MAINTENANCE FUND, and LOCAL 309 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS - AFL-CIO, | |
| **Plaintiffs,** | |
| v. | Case No. 3:25-CV-01870-NJR |
| MAY ELECTRICAL CONTRACTORS, INC., | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiffs' renewed motion for default judgment.

(Doc. 27). Under the terms of a collective bargaining agreement with Local 309

International Brotherhood of Electrical Workers, AFL-CIO ("Local 309"), Defendant May Electrical Contractors, Inc. was required to file reports and pay monthly contributions to several ERISA welfare benefit funds on behalf of covered union employees. Plaintiffs—the Trustees of the funds, Local 309, and certain labor management cooperation committees—allege that Defendant ceased making required payments and disclosures. They filed this lawsuit seeking an audit of Defendant's books and records, as well as damages for any unpaid sums discovered during the audit. Defendant was served with the summons and complaint on October 22, 2025, but failed to timely file an answer or otherwise respond. (Doc. 9). At Plaintiffs' request, the Clerk of Court entered default. (Docs. 10, 11). Plaintiffs then moved for default judgment, seeking an accounting and audit of Defendant's books and records "for the period of October 1, 2023 through July 8, 2025," and the payment of any unpaid contributions, interest and liquidated damages, and attorney's fees. (Doc. 15).

On March 26, 2026, the Court granted the motion in part as to Defendant's liability and as to Plaintiff's entitlement to an audit but refrained from entering judgment. (Doc. 17). The Court directed Plaintiffs to file a renewed motion with an accounting of any unpaid contributions, interest and liquidated damages, along with reasonable attorney's fees and costs.

Plaintiffs recently renewed their motion for default judgment. (Docs. 27, 28). In support of their motion, they furnished affidavits from (1) Sue Davis, the administrative manager of Local 309's Benefits Office, (2) Billy Serbousek, the Executive Vice President for the Illinois Chapter of the National Electrical Contractors Association ("NECA"), and

(3) Darrin Golden, the Executive Secretary-Treasurer for the National Electrical Benefit Fund. Plaintiffs' attorney Luke Klein also provided an affidavit regarding the claimed attorney's fees. At the Court's request, Plaintiffs filed a supplement with additional documentation regarding the calculation of interest and liquidated damages. (Docs. 29, 30, 31).

The procedure governing default judgments is well established. Under Federal Rule of Civil Procedure 55, the Clerk of Court must enter a party's default when it has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). The entry of a default "is merely a formal matter and does not constitute the entry of judgment." 10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed.). "The basic effect . . . is that '[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Here, the Clerk entered default on December 1, 2025. (Doc. 11).

Next, unless the claim is for a "sum certain," a plaintiff must move for the entry of a default judgment. Fed. R. Civ. P. 55(b). "[T]he plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). On March 26, 2026, the Court found Defendant liable to Plaintiffs for unpaid contributions to the funds. (Doc. 17). However, a party's default does not establish that a plaintiff is entitled to the damages sought in the complaint. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). "The district court must instead conduct an inquiry in order to

ascertain the amount of damages with reasonable certainty." *Id.* (quoting *In re* Catt, 368 F.3d at 793). Furthermore, both Rule 55(b)(2) and the law of this circuit make clear that "judgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Id.* (quoting *Dundee Cement Co.*, 722 F.2d at 1323). For that reason, the Court declined to enter judgment until Plaintiffs could establish their damages. (Doc. 17).

That problem now has been rectified. The affidavits and documentary evidence submitted by Plaintiffs are sufficient for the Court to ascertain a definite damages figure without a hearing. According to Plaintiffs, Defendant only partially paid its May 2025 obligations and did not pay anything for the period between June 1, 2025, and July 8, 2025. (Davis Aff., Doc. 28-1, ¶¶ 6-7). Defendant's unpaid obligations total to $12,685.41. (Ex. 7, *Id.* at p. 81). The Trust Agreements also entitle Plaintiffs to interest and liquidated damages for any unpaid or late contributions. Interest on the delinquent contributions is set at 1.5% per month. (*Id.* at ¶ 10). For plaintiff National Electrical Benefit Fund, however, the interest rate on delinquent contributions is 10% compounded monthly. (Golden aff., Doc. 28-2, ¶ 10). Liquidated damages are set at a flat rate of 20% of any delinquent contributions. (Davis aff., Doc. 28-1, ¶ 10; Golden aff., Doc. 28-2, ¶ 10; Doc. 30, p. 13).

Plaintiffs are owed $679.20 in interest and $1,176.37 in liquidated damages on contributions for May 2025 that were paid late. (Doc. 31). They also are owed $1,971.01 in interest and $2,362.82 in liquidated damages on unpaid contributions for the period between May and July 2025.

Under ERISA and the Inside Labor Agreement, Plaintiffs are also entitled to attorney's fees associated with the costs of collection. (Doc. 28-1, pp. 31-32; Doc. 30, pp. 13-14). Plaintiffs seek $9,186.25 in attorney's fees and $461.20 in costs. The claimed attorney's fees represent 38.9 hours of work on the part of three attorneys, billed at a rate of $225 per hour, and four hours of work by a paralegal at a rate of $125 per hour.[1] Plaintiffs provided detailed billing entries in support of their requested fee award. (Doc. 28-4).

ERISA authorizes the award of attorney's fees to the prevailing plaintiff in an action to recover delinquent contributions. *See* 29 U.S.C. § 1132(g)(2)(D). In assessing the reasonableness of an award, the Seventh Circuit looks to the standard method: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The Court then may adjust this "lodestar" figure based on the twelve factors set out in *Hensley.*[2]  *Id.*

Here, the detailed billing entries and the Court's familiarity with the case persuade the Court that counsel expended a reasonable number of hours on the litigation.

---

[1] These figures result in a sum that is slightly higher than the amount actually claimed by Plaintiffs. The discrepancy is unexplained but is insignificant, so the Court will assess the reasonableness of the amount claimed.

[2] "The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n. 3.

No glaring instances of overbilling are immediately evident. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

The requested hourly rates of $225 per hour for the attorneys and $125 per hour for the paralegal also appear reasonable. *See Plumbers & Pipefitters Loc. Union No. 25 Welfare Fund v. Hirst Plumbing & Mech. Servs., Inc.*, No. 4:24-CV-04220, 2025 WL 1208929, at *5 (C.D. Ill. Apr. 25, 2025) (finding an attorney's $233 hourly rate reasonable for services rendered seeking a default judgment under ERISA); *Trs. of N.E.C.A./Loc. 145 I.B.E.W. Pension Plan v. Mausser*, No. 418CV04045, 2024 WL 787068, at *5 (C.D. Ill. Feb. 26, 2024) (finding rates between $225 and $300 per hour reasonable in ERISA litigation); *see also Indiana/Kentucky/Ohio Reg'l Council of Carpenters Pension Fund v. JC&C Builders, LLC*, No. 1:24-CV-02012, 2026 WL 1749447, at *4 (S.D. Ind. June 17, 2026) (approving of rates between $240 and $345). The Court therefore finds that the requested fee award is reasonable and that none of the *Hensley* factors require a deviation from the lodestar here.

## CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Renewed Motion for Default Judgment (Doc. 27) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiffs and against Defendant in the amount of **$28,648.35**, itemized as follows:

1. **$12,685.41** in unpaid contributions to Plaintiffs;

2. **$2,776.30** in interest;

3. **$3,539.19** in liquidated damages; and

4. **$9,647.45** in attorney's fees and costs.

It is further **ORDERED** that the Clerk of Court shall **CLOSE** this case upon entry of the judgment. The Court retains jurisdiction of this action and over all parties for the purpose of enforcing this Order.

**IT IS SO ORDERED.**

**DATED:   August 11, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**